UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

AIU INSURANCE COMPANY
a/s/o Garthland L.L.C.,

        Plaintiff,

v.

OMEGA FLEX, INC.,

        Defendant.

Case No.: 3:11-cv-00023-NKM

## DEFENDANT'S ANSWER

Defendant Omega Flex Inc., by and through undersigned counsel, hereby submits this Answer and responds to the Complaint as follows:

1.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.    Defendant is without sufficient knowledge or information to admit or deny the allegation of "at all times relevant." Defendant admits the remaining allegations contained in paragraph 2 of the Complaint.

3.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Complaint.

5.    Defendant admits that it is subject to personal jurisdiction in this Court but denies all remaining allegations contained in paragraph 5 of the Complaint.

6.    Defendant admits that venue is appropriate in this Court.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint.

## COUNT I – Negligence

17. Defendant incorporates by reference its prior responses as if fully set forth hereunder.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, including all of its subparts.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

<u>COUNT II – Breach of Implied Warranty of Merchantability</u>

22. Defendant incorporates by reference its prior responses as if fully set forth hereunder.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. The allegations of paragraph 24 of the Complaint constitute conclusions of law to which no response is required. If a response is deemed required, then the allegations are denied.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

Defendant hereby denies any allegation contained in the Complaint that was not specifically admitted or addressed above.

AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to the Complaint:

254649.1

First Affirmative Defense

The Complaint fails to state a claims against Defendant upon which relief can be granted.

Second Affirmative Defense

Some or all of the alleged damages in the Complaint are not properly brought by Plaintiff in a subrogation action, as they are the alleged losses of Hunter Crosson.

Third Affirmative Defense

The plaintiffs' alleged injuries and/or damages, if any, were not proximately caused by any acts and/or omissions of the defendant and, indeed, may have been the sole result of an "act of God."

Fourth Affirmative Defense

The losses, injuries, and damages, if any, alleged were caused or contributed to by persons, entities, conditions, or events unrelated to, and/or not under the control of defendant for which defendant cannot be held legally responsible.

Fifth Defense

The plaintiff's losses are purely consequential, economic damages and its claims are barred under Virginia's common law privity requirement and under VA Code § 8.2-715(2)(a).

Sixth Defense

Defendant will or may rely upon such additional defenses as may be shown by the evidence and any discovery herein of which it is currently unaware, subject to its right to amend this Answer upon appropriate motion should such facts and circumstances arise.

Jury Trial Demand

Defendant Omega Flex, Inc. requests a jury trial on all issues.

254649.1

WHEREFORE, defendant Omega Flex, Inc. respectfully requests that this Honorable Court dismiss the Complaint with prejudice, enter judgment in its favor and that attorneys' fees and costs be awarded, and that the Court award such other and further relief as equity of this case shall require.

Respectfully submitted,

/s/
Matthew W. Lee (VSB # 40067)
William G. Gandy (VSB # 74349)
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(703) 245-9300
(703) 245-9301 (facsimile)
Matthew.Lee@wilsonelser.com
William.Gandy@wilsonelser.com

254649.1

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 24th day of June, 2011, I will electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Peter Vaden, Esquire
600 Peter Jefferson Parkway
Suite 220
Charlottesville, VA 22911-8835

Edward A. Jaeger, Jr., Esquire
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

*/s/*_____
Matthew W. Lee (VSB # 40067)
Counsel for Defendant Omega Flex Inc.
Wilson, Elser, Moskowitz,
Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(703) 245-9300
(703) 245-9301 (facsimile)
Matthew.Lee@wilsonelser.com

254649.1